**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2233**

MARLEN LIDENI FUNES-FUNES; B.M.G.F.,

        Petitioners,

      v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 9, 2022                  Decided: May 13, 2022

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Raymond O. Griffith, THE LAW OFFICES OF RAYMOND O. GRIFFITH, P.A., Baltimore, Maryland, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Sabatino F. Leo, Assistant Director, Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlen Lideni Funes-Funes and her minor daughter, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the Immigration Judge's (IJ) decision denying Funes-Funes' applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We conclude that the proposed particular social group of Hondurans who resist extortion by gang members is not cognizable. *See Zelaya v. Holder*, 668 F.3d 159, 167 (4th Cir. 2012) (concluding that particular social group of young Honduran males who refuse to join the gang not cognizable). Because this issue is dispositive of Funes-Funes' applications for asylum and withholding of removal, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] The Petitioners do not challenge the Board's finding that they waived review of the IJ's denial of protection under the CAT. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 249 (4th Cir. 2013) (noting that contentions not raised in opening brief are abandoned). Furthermore, this Court lacks jurisdiction to review the Petitioners' claim that Funes-Funes was persecuted on account of an imputed political opinion because they did not exhaust this issue before the Board. *See Perez Vasquez v. Garland*, 4 F.4th 213, 228 (4th Cir. 2021) (noting that failure to exhaust a particular claim before the Board bars judicial review of that claim).